IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

      **Plaintiff,**

v.                                            No. CIV-07-0609 BB/LAM

**PAULA BIAMONT, Inmate Accountant,**
**Southern New Mexico Correctional Facility ("SNMCF");**
**BAYOLA LUNA, Legal Suport [sic] Worker, SNMCF;**
**ROBERT ULIBARRI, Warden[,]**
**Central New Mexico Correctional Facility ("CNMCF");**
**MICHAEL BURKHART, Grievance Officer[,] CNMCF;**
**JOSE ROMERO, Former Warden[,] CNMCF;**
**ERMA SEDILLO, Deputy Secretary of Operations,**
**New Mexico Corrections Department ("NMCD"); and the**
**NEW MEXICO CORRECTIONS DEPARTMENT,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's amended civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis (hereinafter, "IFP"). The required filing fee for this complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

Plaintiff's amended complaint supersedes the original.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).  The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se amended complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The amended complaint names a number of corrections officials and the New Mexico Corrections Department as Defendants.  Plaintiff alleges that officials accused him of damaging a law book from the prison library, that a disciplinary hearing was scheduled but not held, and that Defendants illegally debited $78.00 from Plaintiff's inmate account to pay for the damage.  Plaintiff alleges that his grievances were denied.  He contends that Defendants' actions violated his federal rights of due process and equal protection, as well as state tort law.  The amended complaint asks for declaratory and equitable relief and damages.

Plaintiff's allegations do not support claims against Defendant New Mexico Corrections Department.  Claims against this Defendant are equivalent to a suit against the state itself, *see*

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and thus Plaintiff's allegations fail to state claims against a "person" for purposes of § 1983. *Will*, 491 U.S. at 71; *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Furthermore, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Therefore, the Court will dismiss Plaintiff's claims against Defendant New Mexico Corrections Department.

Plaintiff bases his § 1983 claims on the allegation that Defendant Biamont debited his account for the alleged property damage. He makes no allegation of personal involvement in the taking by Defendants Luna, Ulibarri, Burkhart, Romero, and Sedillo. The complaint thus fails to affirmatively link these Defendants to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Furthermore, Plaintiff's allegations against the grievance officer Defendants do not support a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). Therefore, the Court will dismiss Plaintiff's § 1983 claims against Defendants Luna, Ulibarri, Burkhart, Romero, and Sedillo.

Nor is relief available on Plaintiff's equal protection claim. "To sustain a claim under the Equal Protection Clause, [Plaintiff] must provide evidence that he was treated differently from others who are similarly situated to him, and that the acts forming the basis of the claim were motivated by

a discriminatory purpose." *Derrick v. Ward*, 91 F. App'x 57, 62 (10th Cir. 2004) (citing *Marshall v. Columbia Lea Reg'l. Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003)). Because Plaintiff does not allege some form of disparate treatment--that similarly situated individuals are treated differently-- the amended complaint lacks a basic element of an equal protection claim. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991); *see also Bell Atlantic Corp.*, ___ U.S. at ___, 127 S. Ct. at 1974. The amended complaint does not allege any discriminatory treatment originating in an impermissible class discrimination. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Therefore, the Court will dismiss Plaintiff's equal protection claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (*Doc. 3*) is **GRANTED**, and the initial partial payment of the filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means to pay the designated filing fee. The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

**IT IS FURTHER ORDERED** that Plaintiff's equal protection claim is **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant New Mexico Corrections Department are **DISMISSED**, and Defendant New Mexico Corrections Department is **DISMISSED** as a party to this action;

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants Luna, Ulibarri, Burkhart, Romero, and Sedillo are **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint (*Docs. 5 and 6*), for Defendant Biamont on Plaintiff's due process and state law claims, and for Defendants Luna, Ulibarri, Burkhart, Romero, and Sedillo on Plaintiff's state law claims.

_____
**UNITED STATES DISTRICT JUDGE**