IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

        Plaintiff,

v.                                       CIV-07-0609 BB/LAM

PAULA BIAMONT, et al.,

        Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff's *Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel* (*Doc. 7*), filed on July 23, 2007.[2] Defendants filed a response in opposition to the motion on January 3, 2008 (*Doc. 22*). Plaintiff has not filed a timely reply in support of the motion which constitutes consent that briefing on the motion is complete pursuant to D.N.M.LR-Civ. 7.1(b). Having reviewed the motion, Defendants' response to the motion (*Doc. 22*), the Affidavit of Laura L. Valdez filed by Defendants in support of the motion (*Doc. 24-2*), the record in this case and relevant law, the undersigned recommends, for the reasons set forth below, that the motion be **DENIED**.

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2]Although the first page of Plaintiff's motion is stamped by the Clerk of the Court with a filing date of July 23, 2008, the notice of electronic filing for the motion, filed in the Court's CM-ECF electronic docketing system, shows that the motion was actually filed on July 23, 2007. Plaintiff's motion includes as Exhibit 1 a memorandum of law in support of the motion which the undersigned has reviewed and considers a part of the motion.

### *Factual and Procedural Background*

Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*. In his amended complaint (*Docs. 5 and 6*), Plaintiff names the New Mexico Corrections Department (hereinafter, "NMCD") and a number of corrections officials as Defendants. Plaintiff alleges that officials accused him of damaging a law book from the prison library, that a disciplinary hearing was scheduled but not held, and that Defendants illegally debited $78.00 from his prison account to pay for the damage. Plaintiff alleges that his prison grievances regarding this matter were denied. Pursuant to 42 U.S.C. § 1983, Plaintiff contends that Defendants' actions violated his federal rights of due process and equal protection. Additionally, he contends that Defendants' actions violated state law. Plaintiff's amended complaint seeks declaratory and injunctive relief, compensatory and punitive damages, costs, attorney's fees (although he is not represented by an attorney) and "[a]ny additional relief the court deems just, proper and equitable." **Amended Civil Complaint** (*Doc. 5*) at 23-24.

A number of Plaintiff's claims in this case have been dismissed and NMCD has been dismissed as a party to this case.[3] Plaintiff's remaining claims are: (1) his § 1983 due process claims against Defendant Biamont; and (2) his state law claims against Defendants Biamont, Luna, Ulibarri, Burkhart, Romero and Sedillo. Plaintiff sues Defendant Luna in her individual capacity, and Defendants Biamont, Ulibarri, Burkhart, Romero and Sedillo in their individual and official capacities.[4] Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party

---

[3]Plaintiff's claims that have been dismissed are: (1) all of his claims against NMCD; (2) his § 1983 due process and equal protection claims against Defendants Luna, Ulibarri, Burkhart, Romero and Sedillo; and (3) his § 1983 equal protection claim against Defendant Biamont. *See **Memorandum Opinion and Order** (Doc. 9)* at 4.

[4]*See **Amended Civil Complaint** (Doc. 5)* at ¶¶ 10, 12-16.

represented by counsel.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### *Plaintiff's Request for Equitable Relief*

Plaintiff's motion focuses on withdrawal of the $78.00 from his prison account to pay for damage to the law book which he checked out of the prison's law library.  Plaintiff denies that he damaged the law book and contends that he was denied a hearing on the related misconduct charge.  *See* **Motion for a Temporary Restraining Order and Preliminary Injunction Requesting Three Judge Panel** (*Doc. 7*) at 3, 5-6.[5]  Plaintiff also contends that Defendants "froze" his prison account, which he explains as meaning that he cannot spend money in the account until a debt is paid, in this instance the $78.00 for the law book he allegedly destroyed.  *Id.* at 9-10.  In the prayer for relief in his motion, Plaintiff asks the Court to enter a temporary restraining order ordering Defendants to immediately return the $78.00 to his prison account and, thereby, "unfreeze" his account.  *Id.* at 3.  Plaintiff also asks the Court to order Defendants to show cause why a preliminary injunction should not issue relating to "Section [¶] 59(B)" of his amended complaint.  *Id.*  In "Section [¶] 59(B)" of his amended complaint, Plaintiff asks the Court to issue a preliminary and permanent injunction ordering Defendants to: (1) return the $78.00 to his prison account; (2) develop what he describes as "judicial scrutiny;" (3) properly "investigate" the validity of an unspecified grievance and take what he describes as "proper action to correct problems when it is obvious that [a] constitutional violation has occurred;" (4) "never" take money from a prisoner's account without a hearing; and (5) order "subordinates (such as Defendant Luna)" to not change what he describes as "CD-Policy forms."  **Amended Civil Complaint** (*Doc. 5*) at 23.

---

[5]All page references herein are to the CM/ECF page numbers appearing at the top of each pleading cited.

In their response to Plaintiff's motion, Defendants admit, *inter alia*, that Plaintiff was charged with misconduct for damaging a book owned by NMCD; that $78.00 was charged to Plaintiff's prison account for damaging the book; that Plaintiff's prison account was frozen for his failure to pay for the damaged book; that Plaintiff filed a grievance about this matter which was denied; and that Plaintiff was not provided with a hearing to contest the charge that he damaged the book. *See **Response in Opposition to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel*** (*Doc. 22*) at 1-4. Defendants dispute Plaintiff's allegation that his prison account is frozen and contend that Plaintiff has had access to his account since December 1, 2005, and has regularly conducted transactions through his account. *Id.* at 2, 4 and Exhibit 7. Defendants state that on January 2, 2008, which was after the undersigned ordered Defendants to respond to Plaintiff's motion,[6] steps were taken to return the $78.00 to Plaintiff's prison account and that the money will be returned to his account no later than January 9, 2007. *Id.* at 2. On January 9, 2008, Defendants filed the Affidavit of Laura L. Valdez, Assistant Business Manager at the Southern New Mexico Correctional Facility, in which she states that on January 7, 2008, she was charged with returning $78.00 to Plaintiff's prison account and she did so. *See **Affidavit of Laura L. Valdez*** (*Doc. 24-2*).

It is apparent from Plaintiff's motion that his primary concern is with having the $78.00 returned to his prison account so the account is no longer "frozen" to pay for the damaged book, and this is the subject of his request for a temporary restraining order. *See **Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel*** (*Doc. 7*) at 3, 5-6,

---

[6]*See **Scheduling Order Regarding Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel (Doc. 7)*** (*Doc. 21*), filed on December 19, 2007.

13. According to Defendants' submissions, the $78.00 has been returned to his account and his account is no longer frozen, and Plaintiff has not filed a reply or any other document disputing this.

Based on the record of this case, the undersigned finds that the $78.00 charged to Plaintiff's prison account for damaging a book has been returned to his prison account and the account is no longer frozen in order to pay for that charge. These facts make Plaintiff's request for a temporary restraining order moot because he has been given the relief that he seeks. Because the Court can no longer grant any effective relief to Plaintiff, with regard to the return of the $78.00 to his account and the unfreezing of his account, his request for a temporary restraining order is moot. *See Woodberry v. Bruce*, 203 Fed. Appx. 186, 189 (10th Cir. Oct. 11, 2006) (unpublished) ("A controversy becomes moot when a court can no longer grant any effective relief."), citing *Osborn v. Durant Bank & Trust Co. (In re Osborn )*, 24 F.3d 1199, 1203 (10th Cir.1994). Similarly, Plaintiff's request for a preliminary injunction ordering Defendants to return the $78.00 to his prison account is also moot, because the money has been returned to his account. Therefore, the undersigned recommends that these requests be denied.

The undersigned finds Plaintiff's request for a preliminary injunction relating to "Section [¶] 59(B)" of his amended complaint too vague and conclusory to establish a basis for equitable relief. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (liberal construction of *pro se* plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.") (internal quotation marks and citation omitted). Moreover, this request is too vague for the Court to fashion an injunction with the degree of specificity required by the Federal Rules of Civil Procedure. "Every order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms *specifically*; and (C) describe *in reasonable detail* – and not by referring to the complaint or other document – the act or acts

retrained or required." Fed. R. Civ. P. 65(d) (emphasis added). Therefore, the undersigned recommends that this request be denied.

### *Plaintiff's Request for a Three Judge Panel*

In his motion, Plaintiff appears to request the assignment of this case to a three-judge panel pursuant to 28 U.S.C. § 2284. *See* **Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel** (*Doc. 7*) at 1. This request has no legal merit because this case does not warrant assignment to a three-judge court. Section 2284(a) provides that a three-judge court shall be convened only "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff does not point to an Act of Congress which requires a three-judge court in this case and this case does not involve a constitutional challenge to the apportionment of congressional districts or the apportionment of a statewide legislative body. Accordingly, the undersigned concludes that Plaintiff's request for a three-judge panel has no legal merit and recommends that this request be denied.

### *Conclusion*

Plaintiff's **Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel** (*Doc. 7*) should be **DENIED**. His request for a temporary restraining order to return the $78.00 to his prison account and unfreeze his account should be denied as moot because this amount has been restored to his prison account and his account is no longer frozen. His request for a preliminary injunction should be denied because the $78.00 has been returned to his account and the remainder of his request for a preliminary injunction is too vague and conclusory for the Court to grant him specific, equitable relief. Finally, his request to

have this case assigned to a three-judge panel should be denied because this request has no legal merit.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's *Motion for a Temporary Restraining Order and a Preliminary Injunction Requesting Three Judge Panel* (*Doc. 7*).

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**