**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**WILLIAM MCGHEE,**

    **Plaintiff,**

**v.**             **CIV-07-0609 BB/LAM**

**PAULA BIAMONT, et al.,**

    **Defendants.**

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION (*Doc. 36*)**

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (hereinafter, "PF&RD") (*Doc. 36*), filed on July 29, 2008. Defendants filed timely objections (*Doc. 38*) to the PF&RD and the deadline for filing objections has passed. Plaintiff filed a timely second response to Defendants' objections (*Doc. 40*), pursuant to Fed. R. Civ. P. 72(b)(2), and did not file any objections to the PF&RD.[1] The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendants object and finds that the objections are without merit. Accordingly, the Court has determined that it will overrule Defendants' objections; adopt the PF&RD; and grant in part, and deny in part, Defendants' Motion for Summary Judgment (*Doc. 26*).

---

[1] Plaintiff filed an initial response to Defendants objections (*Doc. 39*) on August 15, 2008, and a second response to the objections (*Doc. 40*) on August 19, 2008. Pursuant to an order entered by the Court, Plaintiff's initial response to Defendants' objections (*Doc. 39*) was deemed withdrawn and his second response (*Doc. 40*) was substituted for his initial response. *See* Order Denying Defendants' Motion to Strike Plaintiff's Second Response to NMCD's Objections to Proposed Findings and Recommended Disposition (Doc. 42) (*Doc. 44*), filed on September 9, 2008.

### *Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1), a party may object to a magistrate judge's proposed findings and recommended disposition by filing and serving written objections within ten days after being served with a copy of the proposed findings and recommended disposition. When timely objections are filed, the district court must review *de novo* those portions of the proposed findings and recommended disposition to which objections are made. *Id.* In conducting its *de novo* review, the district court is not required to make specific findings but instead may simply indicate that it has undertaken the requisite review. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

Objections to a magistrate judge's proposed findings and recommended disposition must be specific. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court or for appellate review."). Moreover, a party filing objections must specifically identify those findings or recommendations to which objections are being made. *See* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*."). Generally, issues raised for the first time in objections to a magistrate judge's proposed findings and recommended disposition are deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)); *see also Perkis v. Sirmons*, No. 06-6147, 201 Fed. Appx. 648, 2006 WL 3012880, at **3 (10th Cir. Oct. 24, 2006) (unpublished

(cited for persuasive value only) (claims not included in habeas petition and raised for the first time in objections to magistrate judge's recommended decision were deemed waived).

## *Analysis*

Defendants assert multiple objections to the Magistrate Judge's PF&RD; however, most of the objections relate to the merits of Plaintiff's claims rather than the issue of mootness which was the only ground for summary judgment raised in Defendants' motion for summary judgment that is the subject of the PF&RD. Thus, the following issues, raised for the first time in Defendants' objections to the PF&RD and not argued or briefed by the parties in connection with Defendants' motion for summary judgment, will not be considered by the Court in deciding whether to accept, reject or modify the PF&RD: (1) whether Defendant Biamont is entitled to summary judgment on the merits of Plaintiff's civil rights claims under 42 U.S.C. § 1983; (2) whether Defendants are entitled to summary judgment on the merits of Plaintiff's state law claims against Defendants Biamont, Luna, Ulibarri, Burkhart, Romero and Sedillo; (3) whether Plaintiff has failed to prove that he is entitled to an award of any nominal, compensatory and/or punitive damages; (4) whether Plaintiff's claims are barred by the doctrine of qualified immunity; (5) whether Plaintiff's claims are barred by absolute immunity; and (6) whether Plaintiff failed to comply with provisions of the New Mexico Tort Claims Act, N.M.S.A. 1978, Sections 41-4-1 through 41-4-27, with regard to his state law claims, including the requirements in the Act for notice of claims. Defendants' objections raising these issues will be overruled.

The Court will consider Defendants' apparent objection to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted with regard to any compensatory damage claim by Plaintiff for the $78.00 debited from his prison account to pay for

a damaged law book, on the ground that such a claim is moot, but denied as to any other claim for damages.  *See* NMCD's Objections to the Proposed Findings and Recommended Disposition (*Doc. 38*) at 2, 4.  Defendants appear to argue that this recommendation by the Magistrate Judge should be rejected, insofar as it concerns any damages other than the $78.00, because Plaintiff's inmate account was not an interest bearing account and because Plaintiff has failed to prove that he is entitled to an award of any other damages.

The Court rejects this argument for several reasons.  First, without deciding whether Plaintiff is entitled to an award of interest in this case, the Court notes that prejudgment interest is recoverable as an element of damages in Section 1983 actions.  *See Malloy v. Monahan*, 73 F.3d 1012, 1019 (10th Cir. 1996) (in a two-part analysis, court must determine whether prejudgment interest would serve to compensate the injured party and then determine if the equities would preclude an award of prejudgment interest).[2]  Here, as the Magistrate Judge noted, Plaintiff's response to the *Martinez* report suggests that he seeks an award of interest on the $78.00 debited from his prison account for the loss of use of those funds.  *See* Response to *Martinez* Report (*Doc. 30*) at 3.  Defendants' conclusory statements in their objections that inmate accounts are not interest bearing, with no supporting documentation or citation to authority, do not establish, to the Court's satisfaction, that a claim by Plaintiff for an award of prejudgment interest on his Section 1983 claims in this action would be moot.  Second, Defendants have made no showing, in their submissions on the motion for summary judgment or their objections to the PF&RD, that Plaintiff's claims for

---

[2]Pursuant to the New Mexico Tort Claims Act, prejudgment interest is not recoverable on Plaintiff's state law claims.  *See* N.M.S.A. 1978, §41-4-19(D) ("No judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive damages *or for interest prior to judgment.*") (emphasis added).

4

compensatory damages (other than the $78.00 debited from his prison account) and punitive damages were mooted by Defendants' return of the $78.00 to his prison account.  Third, as noted above, the merits of Plaintiff's compensatory and punitive damage claims is separate and distinct from the question of whether his damage claims are moot and Defendants did not raise the merits issue in their motion for summary judgment.  Consequently, the Court finds that Defendants' objection regarding Plaintiff's damage claims is without merit and the objection will be overruled.

### *Conclusion*

Upon careful consideration of the record of this case, the PF&RD, Defendants' objections to the PF&RD and Plaintiff's second response to Defendants' objections to the PF&RD, the Court finds that Defendants' objections are without merit.  Therefore, the Court will overrule the objections, adopt the PF&RD, and grant in part and deny in part Defendants' Motion for Summary Judgment (*Doc. 26*).

**IT IS THEREFORE ORDERED** that:

1. Defendants' objections (*Doc. 38*) to the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 36*) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 36*) are **ADOPTED** by the Court;

3. Defendants' Motion for Summary Judgment (*Doc. 26*) is **GRANTED** with regard to Plaintiff's claim for permanent injunctive relief to return to his prison account the $78.00 debited from the account to pay for a damaged law book, and also with regard to any compensatory damage claim by Plaintiff for the $78.00 debited from his prison account;

4. Plaintiff's other claims for permanent injunctive relief are **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted;

5. As to all other remaining claims by Plaintiff, Defendants' Motion for Summary Judgment (*Doc. 26*) is **DENIED**; and

6. This is not a final, appealable order, as it does not adjudicate all of the remaining claims present in this case.

**IT IS SO ORDERED**.

_____
**BRUCE BLACK
UNITED STATES DISTRICT JUDGE**