IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

        **Plaintiff,**

v.     CIV-07-0609 BB/LAM

**PAULA BIAMONT, et al.,**

        **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*). Plaintiff also filed a *Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. 34)* (hereinafter "*Memorandum in Support*"). Defendants filed a response in opposition to the motion (*Doc. 35*) (hereinafter "*Response*"), and Plaintiff filed a reply in support of the motion *(Doc. 37)* (hereinafter "*Reply*"). Having considered the motion, memorandum in support, Defendants' response to the motion, Plaintiff's reply to the motion, the record in this case and relevant law, the undersigned recommends that the motion be **GRANTED IN PART** and **DENIED IN PART**, and that **JUDGMENT** be entered in favor of Plaintiff for the reasons set forth below.

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.

### *Procedural Background*

Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*. In his amended complaint (*Docs. 5 and 6*), Plaintiff alleges that corrections officials accused him of damaging a law book from the prison library and charged him with misconduct; that a disciplinary hearing on the misconduct charge was scheduled, but never held; that the misconduct charge was dropped; and that Defendants illegally debited $78.00 from Plaintiff's prison account, without a hearing, to pay for the damage to the law book.[2] Plaintiff alleges that he did not damage the law book and that the book was already damaged when it was checked out to him.[3] Plaintiff alleges that he was never given a hearing on the misconduct charge or the debit of $78.00 from his account, and that his prison grievance and appeal regarding this matter were denied.[4]

The Court has dismissed many of Plaintiff's claims.[5] What remains are Plaintiff's claims for declaratory relief and for compensatory and punitive damages (other than compensatory damages for the $78.00 debited from his prison account).[6] Plaintiff asks for "partial summary judgment on liability" for his federal and state claims against Defendants Biamont, Luna, Ulibarri and Sedillo," and

---

[2] *See **Amended Civil Complaint** (Doc. 5)* at 6-12; ***Annexation to Amended Civil Complaint** (Doc. 6)*.

[3] *See **Amended Civil Complaint** (Doc. 5)* at ¶ 19.

[4] *Id.* at ¶¶ 27-30.

[5] Plaintiff's claims that have been dismissed from this case are: (1) all of his claims against NMCD, which was dismissed as a party to this case; (2) his § 1983 due process and equal protection claims against Defendants Luna, Ulibarri, Burkhart, Romero and Sedillo; and (3) his § 1983 equal protection claim against all Defendants. *See **Memorandum Opinion and Order** (Doc. 9)* at 4. The Court also has denied Plaintiff's request for a temporary restraining order and a preliminary injunction, and his request to have this case assigned to a three-judge panel, in its ***Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 29)** (Doc. 32)*. Finally, the Court has dismissed (1) Plaintiff's claim for permanent injunctive relief to return the $78.00 to his prison account, (2) his compensatory damage claim for the $78.00, (3) Plaintiff's other claims for permanent injunctive relief. *See **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 36)** (Doc. 45)* at 5-6.

[6] *See **Magistrate Judge's Proposed Findings and Recommended Disposition** (Doc. 36)* at 11-12.

states that "[t]he amount of damages due must be determined at trial."[7]  Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

### *Summary Judgment Standards*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  If the moving party meets its initial burden, the burden shifts to the nonmoving party to demonstrate that there are genuine issues for trial.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 323-25 (1986).  The nonmoving party cannot simply show that one or more facts are disputed; the dispute must be "genuine" and involve "material" facts.  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2003).

Material facts are "facts that might affect the outcome of the suit under the governing law" and "[f]actual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes about material facts are "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The Tenth Circuit Court of Appeals has explained: "To be a 'genuine' factual dispute, there must be more than a mere scintilla of evidence . . . .  Summary judgment may be granted if the evidence [presented in opposition to summary judgment] is merely colorable or is not significantly probative."  *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*) (citation omitted).  Additionally, the nonmovant's evidence must be based on personal knowledge

---

[7]*See* **Memorandum in Support** *(Doc. 34)* at 7.

and set forth facts that would be admissible evidence; conclusions do not defeat summary judgment. *See Hall v. Bellmon*, 935 F.2d at 1111. Similarly, speculation, conjecture or surmise should not prevent summary judgment. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1170 (10th Cir. 1998) (quoting *Doan v. Seagate Technology, Inc.*, 82 F.3d 974, 977 (10th Cir. 1996), in the context of summary judgment, for the proposition that "[s]peculation . . . will not suffice for evidence.").

Where, as here, the Court has ordered a *Martinez* report, the " *Martinez* report is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d at 1111. In this case, the Court gave notice to the parties, when it ordered a *Martinez* report, that the *Martinez* report could be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*.[8]

### *Analysis*

Plaintiff asks the Court for summary judgment on liability (1) against Defendant Biamont for his remaining due process claims, (2) against Defendants Biamont, Luna, Ulibarri and Sedillo for his state tort law claims, and (3) against Defendants Ulibarri and Sedillo for failure to supervise.[9] In response, Defendants state that because Plaintiff's $78.00 was returned to his inmate account, and because Plaintiff has had access to his account and has accessed his account during the time period in question, Plaintiff's claims are moot.[10] Further, Defendants argue that they are entitled to immunity

---

[8] *See* **Order to File a Martinez Report and Setting Deadlines for Dispositive Motions** (*Doc. 20*) at 5.

[9] *See* **Memorandum in Support** *(Doc. 34)* at 7.

[10] *See* **Response** *(Doc. 35)* at 3-4.

from Plaintiff's state law claims, and that Plaintiff has failed to comply with the New Mexico Tort Claims Act by failing to provide timely notice of his intent to file a tort claims suit.[11] Plaintiff replies that Defendants are not entitled to immunity because they knew or should have known that their conduct violated the law, and that Plaintiff mailed a "notice of tort claim" to "the Risk Management Division" on October 13, 2005.[12]

### 1. *Undisputed Facts*

As set forth in the ***Magistrate Judge's Proposed Findings and Recommended Disposition*** (*Doc. 36*), it is undisputed that Plaintiff's inmate account was debited the amount of $78.00 for alleged damage to a law book, that Plaintiff was never given a hearing on whether Plaintiff damaged the book, and that on January 7, 2008, the $78.00 was returned to Plaintiff's account on . *See id.* at 7-9.

### 2. *Plaintiff's Due Process Claim*

Plaintiff states that Defendant Biamont is liable for depriving Plaintiff of due process because she took Plaintiff's money from his inmate account to pay for damage to a law book without providing Plaintiff a hearing to determine whether he damaged the book.[13] Defendants respond that Plaintiff's claim is moot because the funds in question were returned to Plaintiff's account.[14]

The Tenth Circuit has held that prisoners have a protected property interest in their prison trust accounts, and that, therefore, prisoners "cannot be deprived of the same without due process." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989). While the Tenth Circuit has explained

---

[11]*Id.* at 4.

[12]***Reply*** *(Doc. 37)* at 4. Plaintiff did not attach a copy of the tort claim notice to his ***Reply***.

[13]*See **Memorandum in Support** (Doc. 34)* at 2-3.

[14]*See **Response** (Doc. 35)* at 3-4.

that negligent or intentional deprivations of property that are "random and unauthorized" do not give rise to a Section 1983 claim where the plaintiff has an adequate state remedy, deprivations that are "pursuant to an affirmatively established or *de facto* policy, procedure, or custom," require a predeprivation hearing. *Id.* at 939-40. Plaintiff's allegations suggest that the deprivation of his $78.00 was not the result of a random and unauthorized act, and Defendants do not contend that the deduction of the $78.00 from Plaintiff's account was random and unauthorized. Therefore, the Court finds that Plaintiff was entitled to a predeprivation hearing. *See id.* at 940. Since it is undisputed that Plaintiff was not given a predeprivation hearing before his account was debited, the Court finds that Defendant Biamont violated Plaintiff's due process rights.

### 3. Plaintiff's State Law Claims

Plaintiff alleges state law claims against the remaining Defendants Biamont, Luna, Ulibarri and Sedillo under the New Mexico Tort Claims Act. *See* ***Memorandum in Support*** *(Doc. 34)* at 3-4; ***Amended Civil Complaint*** *(Doc. 5)* at 3, 16-21.[15] Defendants respond that they are immune under the New Mexico Tort Claims Act (citing N.M.S.A. § 41-4-4A), and that Plaintiff failed to comply with his obligation to provide timely notice of his intent to file a tort claims suit. *See* ***Memorandum in Support*** *(Doc. 34)* at 4. Plaintiff replies that Defendants are not entitled to immunity because they knew or should have known that their conduct violated the law, and that Plaintiff mailed a "notice of tort claim" to "the Risk Management Division" on October 13, 2005. ***Reply*** *(Doc. 37)* at 4.

"It is a plaintiff's burden to identify one of the specific statutory sections allegedly waiving immunity." *Johnson v. Holmes*, 377 F.Supp.2d 1069, 1084 (D. N.M. 2004) (citation omitted). Plaintiff does not state how Defendants have waived their immunity under the New Mexico Tort

---

[15]Plaintiff appears to argue that these Defendants violated their duties under N.M.S.A. § 33-2-15 (establishing duties of New Mexico penitentiary employees) and N.M.S.A. § 41-4-2 (New Mexico Tort Claims Act).

Claims Act.[16]  Therefore, the Court finds that Defendants have immunity from Plaintiff's state law claims.

### 4.  Plaintiff's Failure to Supervise Claims

Next, Plaintiff alleges Defendants Ulibarri and Sedillo are liable for failure to supervise.  *See* **Memorandum in Support** *(Doc. 34)* at 4.  Under Section 1983, a supervisor may be held liable for failure to supervise or train employees "where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Meade v. Grubbs*, 841 F. 2d 1512, 1528 (10th Cir. 1988) (citations omitted).  The Court finds that Plaintiff fails to provide any evidence of a failure to train or reckless or grossly negligent training on the part of the Defendants and his conclusory allegations are insufficient to establish this claim.  *See Hall v. Bellmon*, 935 F.2d at 1110 (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based").  Therefore, the Court denies Plaintiff's claim for liability for failure to supervise.

### 5.  Declaratory Relief

In the **Magistrate Judge's Proposed Findings and Recommended Disposition** (*Doc. 36*), the Court explained that Plaintiff's claim for declaratory relief was not moot because the question of

---

[16]The Court notes that it considered whether Defendants may have waived immunity under N.M.S.A. § 41-4-12 (waiving liability for law enforcement officers acting within the scope of their duties), but finds that this statute does not waive immunity for Defendants herein because their "primary job duties do not encompass the arrest and detention of accused persons." *Limacher v. Spivey*, 198 P.3d 370, 374 (N.M. Ct. App. 2008) (explaining that wardens and other "non-police" employees of the state do not fall under the law enforcement exception of the New Mexico Tort Claims Act where their jobs do not include holding persons accused of a crime, maintaining public order or making arrests for crimes), *see also* N.M.S.A. § 41-4-3(D) (defining "law enforcement officer" as an employee "whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order, or to make arrests for crimes.").  Defendant Biamont is a staff member working at the Southern New Mexico Correctional Facility ("SNMCF") and handles inmate accounts.  Defendant Luna is a legal support worker hired to help inmates file legal papers.  Defendant Ulibarri is the former warden of SNMCF.  Defendant Sedillo is the Deputy Secretary in charge of operations.  *See* **Amended Civil Complaint** (*Doc. 5*) at 4-5 and **Answer to Amended Civil Complaint** *(Doc. 18)* at 2.  None of these Defendants are "law enforcement officers" as defined under the New Mexico Tort Claims Act.

whether Plaintiff's constitutional rights to due process were violated remained before the Court. *Id.* at 11 (citing *PETA v. Rasmussen*, 298 F.3d 1198, 1202, n.2 (10th Cir. 2002); and *Faustin v. City and County of Denver, Colorado*, 268 F.3d 942, 948 (10th Cir. 2001)). Plaintiff asks the Court to enter a declaratory judgment that Plaintiff's constitutional rights were violated. *See **Amended Complaint** (Doc. 5)* at ¶¶ 6, 59(A). Since the Court now finds that Plaintiff's constitutional rights have been violated, the Court, therefore, grants Plaintiff's claim for declaratory relief by entry of judgment in Plaintiff's favor.

### 6. Compensatory and Punitive Damages

In his amended complaint, Plaintiff seeks an award of compensatory and punitive damages, although he fails to specify the exact nature of the damages he seeks. *See **Amended Complaint** (Doc. 5)* at ¶ 59(C)-(D). Plaintiff also seeks an award of interest on the $78.00 debited from his account. *See **Response to Martinez Report*** (*Doc. 30*) at 3. Plaintiff states that "[t]he amount of damages due must be determined at trial." ***Memorandum in Support*** *(Doc. 34)* at 7.

The Court has already denied Plaintiff's claim for compensatory damages in the amount of $78.00 because the $78.00 has been returned to Plaintiff's inmate account. *See **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 36)*** (*Doc. 45*) at 4-5. Under § 1983, "[p]unitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (quotation omitted). The undisputed facts show that the library book at issue was checked out by Plaintiff and, after he returned it, Defendants noticed that it had been damaged. While Defendant Biamont did take money out of Plaintiff's account to pay for the damage to the book while

8

it was checked out to him, Defendants scheduled a hearing when Plaintiff filed a grievance.  The hearing never took place because Plaintiff was transferred to another facility and it was never rescheduled.  Such evidence does not show evil motive or intent or reckless or callous indifference, and the Court, therefore, rejects Plaintiff's claim for punitive damages.

 Finally, the Court finds that Plaintiff is entitled to nominal damages because he suffered a violation of a federally protected right, but is unable to demonstrate measurable monetary damages.  *See Searles*, 251 F.3d at 878-79.  I recommend that Plaintiff be awarded a total of $1.00 in nominal damages as compensation for violation of § 1983.  The Court also recommends that Plaintiff be awarded interest for the loss of use of the $78.00 for the time period it was not in his account.  *See U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996) (the award of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment") (citation omitted).  Under 28 U.S.C. § 1961, the rate of interest is calculated using the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System."  *Id.*; *see also Kelley v. City of Albuquerque*, No. Civ-03-507, 2006 WL 1305038, at \*3 (D. N.M. April 12, 2006) (unpublished) (explaining that "[a] federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question") (citation omitted).  Plaintiff's account was debited $9.06 on September 23, 2005, $20.00 on August 16, 2006, and $48.94 on July 11, 2007, to pay for the law book.  *See **Martinez Report** (Doc. 25)* at Exhibits 6 and 8.  On January 7, 2008, the $78.00 was returned to Plaintiff's account.  *Id.* at Exhibit 1.  Therefore, the Court calculated the average of the 1-year constant

maturity Treasury yields from September 2005 through January 2008, which results in an interest rate of 4.43% for 834 days, on $20.00 for 506 days, and on $48.94 for 176 days, for a total of $3.28 in interest.  *See*

http://www.federalreserve.gov/releases/h15/data/Monthly/H15_TCMNOM_Y1.txt

### RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that:

(1) *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*) be **GRANTED** with regard to Plaintiff's due process claim against Defendant Biamont;

(2) Plaintiff's claim for declaratory relief be **GRANTED** with regard to Plaintiff's federal constitutional claims;

(3) Plaintiff be awarded the amount of **$1.00 in nominal damages**, and the amount of **$3.28 for interest** on the loss of use of the $78.00, for this violation;

(4) *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*) be **DENIED** with regard to Plaintiff's state law and failure to supervise claims; and

(5) *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*) be **DENIED** as to all other remaining claims.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**