## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

       **Plaintiff,**

**v.**                                  **CIV-07-0609 BB/LAM**

**PAULA BIAMONT, et al.,**

       **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 46)*

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* (hereinafter "*PF&RD*") (*Doc. 46*), filed on February 4, 2009. On February 18, 2009, Plaintiff filed *Plaintiff's Objections to PF[&]RD (Doc. 46)* (hereinafter "*Objections*") *(Doc. 47)*. Defendants have not filed a response to Plaintiff's objections. The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Plaintiff objects, relevant portions of the record of this case and relevant law. Having done so, the Court has determined that Plaintiff's *Objections* are without merit. Accordingly, the Court will overrule Plaintiff's *Objections*; adopt the *PF&RD*; grant in part and deny in part *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*), without an evidentiary hearing; award Plaintiff $1.00 in nominal damages and $3.28 in interest; and enter judgement in favor of Plaintiff.

Plaintiff first objects to the Magistrate Judge's finding that he is not entitled to punitive damages. *See Objections (Doc. 47)* at 1-8. The Court finds that this objection has no merit. As stated in the *PF&RD* on page 8, under 42 U.S.C. § 1983, "[p]unitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or

callous indifference to the federally protected rights of others.'"   *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (quotation omitted).  Plaintiff refutes some of the facts stated in the ***PF&RD***, such as the timing of when the hearing was scheduled and when Plaintiff was transferred, and contends that these facts establish recklessness on the part of Defendant Biamont.  *See **Objections** (Doc. 47)* at 3-4.  The Court disagrees.  The Magistrate Judge found that Defendant Biamont is liable to Plaintiff for debiting his account to pay for damage to a book without providing Plaintiff a hearing to determine whether he had damaged the book.  *See **PF&RD** (Doc. 46)* at 5-6.  The facts presented by Plaintiff in his ***Objections*** do not rise to the level of evil motive or reckless or callous indifference by Defendant Biamont.  The Court, therefore, agrees with the Magistrate Judge's findings that Plaintiff is not entitled to punitive damages.

Next, Plaintiff objects to the Magistrate Judge's finding that he is entitled to $3.28 in compensatory damages for interest on the loss of use of the $78.00 from his account.  *See **Objections** (Doc. 47)* at 9-10.  Plaintiff states that he is "due additional compensatory damages" for "psychological damage, personal humiliation, mental anguish and injuries to the quality of [his] life which included the loss of the privilege of buying hygiene and commissary."  *Id.* at 9.  The Court finds that this objection has no merit.  Plaintiff bears the burden of alleging facts which, if proved, would entitle him to relief.  *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Mere conclusory allegations without factual support are insufficient to meet this burden.  *Id.* (citations omitted).  The Court agrees with the Magistrate Judge's findings that Plaintiff is only entitled to nominal damages because he is unable to demonstrate measurable monetary damages.  The Court also finds that the Magistrate Judge's calculation of $3.28 in interest for Plaintiff's loss of the use of his $78.00 is reasonable.

2

Finally, Plaintiff objects to the Magistrate Judge's finding that Defendants have immunity from Plaintiff's state law claims. *See Objections (Doc. 47)* at 10-12. Plaintiff contends that the Magistrate Judge found that Defendants had immunity because Plaintiff failed to cite the proper New Mexico statute under which Defendants had waived immunity. *Id.* at 10-11. The Court finds that this objection is without merit. While the Magistrate Judge found that Plaintiff failed to meet his burden of identifying one of the statutory sections waiving immunity, the **PF&RD** also states that the Court considered whether Defendants may have waived immunity under a section of the New Mexico Tort Claims Act, but found that the section did not apply. *See PF&RD (Doc. 46)* at 7 n.16. The statutory section Plaintiff cites in his **Objections** also does not provide immunity for Defendants under the New Mexico Tort Claims Act. *See Objections (Doc. 47)* at 11 (citing N.M.S.A. § 41-4-16). Section 41-4-16 refers to the requirement under the New Mexico Tort Claims Act that timely notice of claims must be given. The Court does not find that any section of the New Mexico Tort Claims Act waives immunity for Defendants for the reasons set forth in the **PF&RD (Doc. 46)** at 7, n. 16. The Court, therefore, agrees with the finding in the **PF&RD** that Defendants have not waived immunity under the New Mexico Tort Claims Act.

**IT IS THEREFORE ORDERED** that *Plaintiff's Objections to PF[&]RD (Doc. 46) (Doc. 47)* are **OVERRULED** and the *Proposed Findings and Recommended Disposition* (*Doc. 46*) are **ADOPTED** by the Court;

**IT IS FURTHER ORDERED** that *Plaintiff's Motion for Partial Summary Judgment* (*Doc. 33*) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Plaintiff be awarded **$1.00 in nominal damages** and **$3.28 in interest**;

**IT IS FURTHER ORDERED** that a final judgment in favor of Plaintiff be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**BRUCE BLACK**
**UNITED STATES DISTRICT JUDGE**